## *In re* HIRSCH BERJANSKI.[1]

### (*District Court, E. D. New York.* September 2, 1891.)

HABEAS CORPUS—IMMIGRATION—ACT OF MARCH 3, 1891—SPECIAL INQUIRY—DUTY OF SUPERINTENDENT.

> The act of March 3, 1891, relative to immigration and the importation of contract labor, makes it the duty of the superintendent of immigration, upon the arrival of an immigrant in this country, to take the oath of the immigrant, or of some other person, as to any facts tending to show *prima facie* that the immigrant belongs to one of the excluded classes. But thereafter the immigrant has the right to demand a special inquiry, and at such inquiry to show affirmatively, by any competent testimony, that he does not belong to any of the excluded classes. When such inquiry has been had, the decision of the inspection officers is conclusive upon the courts. The remedy, if the decision is wrong, is by an appeal to the superintendent of immigration, and then to the secretary of the treasury.

At Law. On return to petition for *habeas corpus.*
*A. D. Sarasohn,* for petitioner.
*Jesse Johnson,* U. S. Dist. Atty.

BENEDICT, J. In this case it appears by the petition for *habeas corpus* that the petitioner is an immigrant in the custody of James O'Beirne, acting commissioner of immigration, who is about to send him back to the place whence he came, notwithstanding the fact that the petitioner has demanded a special inquiry to be held, touching his right to enter the United States, and has offered on such inquiry to show affirmatively and satisfactorily that he does not belong to one of the excluded classes. This averment is not denied by the acting commissioner of immigration, who contends that, inasmuch as he took from the immigrant an affidavit

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

which showed him to be one of an excluded class, the special inquiry provided by the first section of the statute has been had, and that the only remedy open to the immigrant is by an appeal to the superintendent of immigration. I do not agree with this view of the law. In my opinion, the act of March 3, 1891, makes it the duty of the inspector of immigration, upon the arrival of an immigrant in this country, to take the oath of the immigrant, or of some other person, as to any facts tending to show *prima facie* that the immigrant belongs to one of the excluded classes; but that the immigrant has thereafter the right to demand a special inquiry, and at such inquiry to show affirmatively, if he can, by any competent testimony, that he does not belong to one of the excluded classes. The statute expressly confers upon the immigrant the right to such an inquiry, which the statute declares shall be a "special inquiry." This special inquiry is to be instituted upon the request of the immigrant, and he is entitled to a reasonable time to make such a request after being informed as to the result of the ordinary inquiry instituted in the first instance by the inspector. It should proceed with all reasonable dispatch, at a time and place fixed by the acting commissioner, of which fair notice has been given to the immigrant. The testimony upon such inquiry must be under oath, and the statute declares that all testimony taken upon such inquiry shall be entered of record. This is in order that the testimony before the inspector may be presented to the superintendent of immigration, and afterwards to the secretary of the treasury, in case the appeal allowed by section 8 shall be taken to those officers. When such an inquiry has been had, the decision is conclusive upon the courts, and will not be disturbed. The remedy, if the decision be wrong, is by an appeal to the superintendent of immigration, and then to the secretary of the treasury. The difficulty in the present case is that it is shown by the petition that no such special inquiry as the statute provides has been had; that, on the contrary, it has been demanded and refused. In this position of the case it would seem that the immigrant is entitled to be discharged, inasmuch as he cannot lawfully be sent back. But, inasmuch as the acting commissioner of immigration expresses his willingness to hold such special inquiry now, the proper course is to postpone the hearing upon the petition to give the acting commissioner opportunity to hold such special inquiry, and to state his doings thereon in return to this writ. The hearing is therefore adjourned to the day agreed on by the parties.